HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FREDERICK DARREN BERG,

          Petitioner,

  v.

UNITED STATES,

          Respondent.

CASE NO. C13-246 RAJ

ORDER

This matter comes before the court on petitioner Frederick Darren Berg's motion for leave to expand the record pursuant to 28 U.S.C. § 2255, Rule[1] 6(a). Dkt. # 8. As a preliminary matter, it appears that Mr. Berg is not seeking leave to expand the record pursuant to Rule 7, but rather is seeking discovery pursuant to Rule 6. On August 2, 2011, petitioner pled guilty to wire fraud, money laundering, and bankruptcy fraud. Case No. CR10-310, Dkt. # 78. As part of his plea, petitioner waived his right to appeal a finding of guilt or any pretrial rulings, among other rights. *Id.* ¶ 4.

Petitioner raises a claim for conspiracy and five claims for ineffective assistance of counsel in his 2255 petition: (1) "The Government and the United States Bankruptcy

---

[1] Rules Governing Section 2255 Cases in the United States District Courts.

ORDER - 1

Trustee Mark Calvert conspired to deprive the Petitioner of his constitutional right to effective assistance of his chosen counsel"; (2) Attorneys Stansell and Levin rendered ineffective assistance of counsel by failing to move to suppress the statements made by the petitioner on August 11, 2010; (3) Attorneys Stansell and Levin rendered ineffective assistance of counsel by arranging for petitioner to sit for a four hour proffer session with the Government without first negotiating appropriate and customary proffer protection; (4) Attorneys Stansell, Levin, Aoki and Nance rendered ineffective assistance of counsel by failing to move to suppress the fruits of the August 27, 2010 search and seizure; (5) Attorneys Aoki and Nance rendered ineffective assistance of counsel by failing to undertake their own independent forensic accounting, choosing instead to rely on the forensic accountings of the Government and the Trustee Calvert; and (6) Attorneys Aoki and Nance rendered ineffective assistance of counsel by failing to move for a dismissal of petitioner's indictment with prejudice alleging outrageous government conduct. Dkt. # 1.

      A habeas petitioner is not entitled to discovery as a matter of course. *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Rather, pursuant to Rule 6(a), a judge may, for good cause, authorize a party to conduct discovery under Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law. Where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry. *Id.* at 909. To prevail on his ineffective assistance claim, petitioner must show that: (1) his trial counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Smith v. Mahoney*, 611 F.3d 978, 986 (9th Cir. 2010).

      The court has reviewed the briefing on petitioner's motion, petitioner's § 2255 motion, the memorandum in support of the § 2255 petition, and the accompanying

1 | exhibits. The court finds that petitioner has failed to demonstrate good cause to justify
2 | granting any discovery. Accordingly, the court DENIES petitioner's motion for
3 | discovery.
4 |     Dated this 25th day of April, 2013.

*(signature)*

The Honorable Richard A. Jones
United States District Judge

ORDER - 3