HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FREDERICK DARREN BERG,

    Petitioner,

  v.

UNITED STATES OF AMERICA,

    Respondent.

CASE NO. C13-246RAJ

ORDER

This matter comes before the court on a motion calendar it created to address petitioner's motion invoking 28 U.S.C. § 2255, as well as various motions filed by petitioner. The court DENIES as MOOT petitioner's motion to stay proceedings pending petition for writ of mandamus. Dkt. # 23. The court notes that petitioner has filed a fourteen-page objection and motion to strike in addition to his twenty-one-page overlength reply. Dkt. ## 20, 22. The court granted petitioner thirty pages for his opening brief. Dkt. # 5. Accordingly, his reply should not have exceeded fifteen pages. Local Rules W.D. Wash. CR ("LCR") 7(f)(4). Nevertheless, the court has considered the entirety of petitioner's twenty-one-page reply brief. Dkt. # 22. However, requests to strike material contained in an opposition brief must be brought in the responsive brief, not in a separate motion. *See* LCR 7(g). Petitioner filed a separate objection and motion to strike. Dkt. # 20. Given that combining petitioner's reply and objections yields thirty-

ORDER – 1

seven pages, and the court did not approve an overlength reply brief, the court has disregarded petitioner's objections and motion to strike. Dkt # 20. The court also notes that the Government has not provided pin point citations throughout most of its opposition, or clearly marked the relevant portions of its exhibits, in violation of LCR 10(e)(6) and 10(e)(10). As a result, the court has been unable to locate the evidence underlying many of its representations.[1] To the extent the court was unable to locate the evidence underlying a particular representation, the court has disregarded such representation.

For the reasons stated herein, the court concludes that petitioner has not established a valid challenge to the sentence this court imposed in February 2012. Dkt. # 95. The court also DENIES petitioner's motion for evidentiary hearing because the petition, files and record of the case conclusively show that he is not entitled to relief. Dkt. # 24; *See United States v. Howard*, 381 F.3d 873, 877 (9th Cir. 2004) (petitioner entitled to evidentiary hearing only if (1) petitioner alleges specific facts which, if true, would entitle him to relief, and (2) the petition, files and record of the case cannot conclusively show that he is entitled to relief).

Petitioner pleaded guilty to one count of Wire Fraud, one count of Money Laundering, and one count of Bankruptcy Fraud – Asset Concealment. Dkt. # 78. This court imposed a two hundred sixteen month sentence in accordance with the parties' plea agreement. *Id.* at 8; Dkt. # 95 at 2. Petitioner did not appeal, and, instead, filed his section 2255 motion.

Petitioner raises six claims in his section 2255 petition: (1) the government and trustee Calvert conspired to deny petitioner effective assistance of counsel; (2) counsel should have moved to suppress statements made by petitioner on August 11, 2010; (3)

---

[1] The court notes that the Government has provided some citations to the record as part of the procedural history, background information, and summary of investigations, which the court has reviewed.

ORDER – 2

counsel should have negotiated proffer protection prior to agreeing to the September 20, 2010 proffer; (4) counsel should have moved to suppress the fruits of the August 27, 2010 search and seizure; (5) counsel should have undertaken their own independent forensic accounting; and (6) counsel should have moved for dismissal of petitioner's indictment alleging outrageous government conduct.  Dkt. # 1.

As part of his plea agreement, petitioner waived any right to collaterally attack his conviction except as it may relate to the effectiveness of legal representation.  Dkt. # 78 at 8.  Accordingly, his section 2255 petition is limited to claims for ineffective assistance of counsel.

A party raising a claim of ineffective assistance of counsel in a case that resulted in a guilty plea must not only show that counsel's representation fell below an objective standard of reasonableness, but that there is a reasonable probability that the defendant would not have pleaded guilty but for the ineffective assistance.  *United States v. Baramdyka*, 95 F.3d 840, 844 (9th Cir. 1996) (citing *Strickland v. Washington*, 466 U.S. 668, 686-90 (1984)); *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).  To establish such a claim, a petitioner must overcome the strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance.  *Id.*

**A. Claim 1:  The Government and trustee Calvert conspired to deny petitioner effective assistance of counsel**

With respect to the first claim, the court agrees with the government that such a claim is subject to the waiver of appeal.  However, petitioner argues that leveraging a threat of criminal forfeiture against a third party solely to scuttle a criminal defendant's ability to pay his chosen attorney or to eliminate the funding for an independent forensic accounting offends due process.  Dkt. # 22 at 5.  First, petitioner has not provided any evidence that would support a finding that the government threatened forfeiture "solely to scuttle [his] ability to pay his chosen attorney."  Second, while petitioner does have a

ORDER – 3

constitutional right to his attorney of choice, he does not have a constitutional right to use assets connected with the illegal conduct to pay for that attorney. *See Kaley v. United States*, 134 S.Ct. 1090, 1102-03 (2014). The Supreme Court recently held that where the assets' connection to the allegedly illegal conduct is not in dispute, a pretrial seizure is wrongful only when there is no probable cause to believe the defendants committed the crimes charged. *Id.* at 1103. "Or to put the same point differently, such a freeze is erroneous—notwithstanding the weighty burden it imposes on the defendants' ability to hire a chosen lawyer—only when the grand jury should never have issued the indictment." *Id.* There is no evidence before the court that the grand jury should not have issued the indictment.

Petitioner also argues that the government and trustee Calvert conspired to interview him outside the presence of counsel. Petitioner relies on *Massiah v. United States*, 377 U.S. 201 (1964) and its progeny. Under *Massiah*, "[o]nce a defendant's Sixth Amendment right to counsel has attached, the government is forbidden from 'deliberately eliciting' incriminating statements from the defendant." *Randolph v. Cal.*, 380 F.3d 1133, 1143 (9th Cir. 2004) (citing *Massiah*, 377 U.S. at 206). "This prohibition has been extended to the use of jailhouse informants who relay incriminating statements from a prisoner to the government." *Id.* Thus, to demonstrate a *Massiah* violation here, petitioner must demonstrate that trustee Calvert was acting as an agent of the government when he obtained information from petitioner, and that trustee Calvert "made some effort to stimulate conversations about the crime charged." *Id.* at 1144. However, there is no evidence before the court that trustee Calvert was working as an agent of the government during the August 11, 2010, interview. While there is evidence that the government and trustee Calvert may have been cooperating with respect to exchanging information for investigatory purposes, there is no evidence that trustee Calvert was acting at the direction of the government, that the government even knew about the August 11

ORDER – 4

interview before it occurred, or that the interview was the likely result of the government's acts.

Additionally, the Sixth Amendment right to counsel and the *Massiah* line of cases do not apply to interviews that occur before the initiation of adversary criminal proceedings. *United States v. Hayes*, 231 F.3d 663, 669 (9th Cir. 2000). The Supreme Court, the Ninth Circuit, "and every other circuit to consider a similar issue has adhered to the rule that adversary judicial proceedings are initiated 'by way of formal charge, preliminary hearing, indictment, information, or arraignment.'" *Id.* at 675. Here, the felony information was filed on October 14, 2010. CR10-310RAJ, Dkt. # 4. The interview petitioner complains of that was conducted by trustee Calvert took place in August 2010. Since the interview took place before adversary judicial proceedings had been initiated, the Sixth Amendment right to counsel had not attached, and *Massiah* is inapplicable. Accordingly, even if trustee Calvert was a government agent, petitioner was not denied effective assistance of counsel under the Sixth Amendment.

Accordingly, even if the first claim was an ineffective assistance of counsel claim, plaintiff has failed to demonstrate that there was a constructive denial of counsel's assistance or that the government interfered with counsel's assistance.

**B. Claim 2:  Counsel should have moved to suppress statements made by petitioner on August 11, 2010**

Petitioner relies on *Massiah* with respect to this claim as well. For the same reasons stated above, failure to move to suppress the statements made in the August 11, 2010 interview was objectively reasonable where plaintiff has failed to provide any evidence that would support a finding that trustee Calvert was a government agent, and where *Massiah* is inapplicable.

In reply, petitioner argues that the failure to suppress resulted in a violation of his Fifth Amendment right against self-incrimination. However, the Fifth Amendment

ORDER – 5

privilege against self-incrimination prohibits admitting statements given by a suspect during a "custodial interrogation" without prior warning. *Illinois v. Perkins*, 496 U.S. 292, 296 (1990) (citing *Miranda v. Arizona*, 384 U.S. 436, 444 (1966)).  "Custodial interrogation means 'questioning initiated by law enforcement officers after a person has been taken into custody….'" *Id.*  There is no evidence before the court that would even suggest that petitioner's interview with trustee Calvert could be considered a custodial interrogation.

Accordingly, the court finds that petitioner has failed to demonstrate unreasonable conduct by his attorneys.

**C. Claim 3:  Counsel should have negotiated proffer protection prior to agreeing to the September 20, 2010 proffer**

Petitioner argues that counsel's strategy to recommend that petitioner stop insisting on an independent forensic accounting his prior counsel and conditioned a proffer session on prior to the September 20, 2010 interview was objectively unreasonable.  Petitioner also argues in reply that counsel conducted virtually no investigation prior to settling on this strategy, citing *Scott v. Schriro*, 567 F.3d 573, 585 (9th Cir. 2008).

On September 8, 2010, the court appointed Federal Public Defender Thomas Hillier as counsel for Berg, and Mr. Hillier entered his notice of appearance on the same day. CR10-310RAJ, Dkt. ## 2-3.  On October 15 and 18, 2010, assistant federal defenders Stansell and Levin entered notices of associations.  *Id.*, Dkt. ## 5-6.  One month later on September 20, 2010, petitioner provided his proffer.  *Id.*, Dkt. # 88-2.  Although petitioner argues that his counsel had conducted virtually no investigation prior to the proffer, he fails to provide any evidence supporting this claim.  Nothing in the record suggests that the strategic decision to recommend that petitioner stop insisting on an independent forensic accounting prior to a proffer, or his attorneys' decision not to

ORDER – 6

negotiate protections prior to a proffer was unreasonable.  Additionally, petitioner repeatedly indicated his commitment to assist and cooperate with trustee Calvert and the government.  *See* Dkt. ## 6-1 & 6-2 (Exs. to Mem. supporting 2255 Mot.), Ex. I (8/8/10 email from Berg to Calvert: "my intent to cooperate at every level."), Ex. K (emails to trustee Calvert), Ex. V (9/27/2010 e-mail from Berg to Calvert: "I remain committed to helping you when able.").  At the proffer, petitioner was advised of his rights, confirmed that he understood that the government had not made him any promises, and confirmed that he had sufficient time to consult with his attorneys, before continuing with the proffer.  Dkt. # 88-2 at 4-5 (9/20/2010 Tr. at 3:17-4:10).  Petitioner's repeated willingness to cooperate and assist also supports a finding that counsel's failure to seek proffer protection was reasonable where there was no indication that proffer immunity would have been forthcoming and where defendants who are forthright and cooperate with the government typically receive more favorable terms in plea agreements.

Accordingly, the court finds that petitioner has failed to demonstrate unreasonable conduct by his attorneys.

**D. Claim 4:  Counsel should have moved to suppress the fruits of the August 27, 2010 search and seizure**

Petitioner argues that his attorneys should have moved to suppress the fruits of the 8/27/2010 search because (1) the affidavit failed to inform the court that the premises subject to the search contained information not covered by the search warrants; (2) the affidavit misled the court as to the real risk of destruction and the images provided by Lighthouse; (3) the affidavit failed to disclose that the probable cause for 11 of the 15 companies the government did not list on the search warrant affidavit had come courtesy of an illegal data theft and password cracking undertaken by the trustee; and (4) the affidavit misled the court to conclude that trustee Carey did not have control of the entities she had been appointed to serve.

ORDER – 7

The record does not support any of petitioner's allegations. First, the court finds that the affidavit, which was executed on August 26, 2010, in support of the search warrant for the subject locations provided adequate probable cause to search and seize evidence subject to the search warrant. *See* Dkt. # 28-1. The affidavit properly provided that the initial search of the data seized was to be conducted by a filter team that was not involved in the investigation of the case against petitioner, and that only evidence subject to the warrant would be provided to the investigatory team. *Id.* ¶ 118. There is no evidence before the court that suggests that this did not occur. Second, the affidavit properly indicated the inadequacy of the imaging that was being conducted by Lighthouse, including that the imaging only captured data through a certain date, that Mr. Berg and his counsel, rather than law enforcement, were solely responsible for providing instruction and access to Lighthouse personnel, and that there was no indication as to when the affiant would have access to the images. *Id.* ¶¶ 72-73. Petitioner has not directed the court to any evidence that would support his speculation that these representations are false or misleading. Additionally, evidence supports the affiant's statement that the trustee had not been provided access to all relevant documents, including Mr. Berg's private office and databases for several companies. *Id.* ¶¶ 70-76, 89; Dkt. # 6-1, Exs. S (noting that trustee Carey did not have control over all of Mr. Berg's companies as of 8/20/2010) & T (noting that trustee Calvert did not have access to all relevant documents, including access to Mr. Berg's private office and QuickBooks for Meridian Partnership Management, Inc. as of 8/24/2010). Finally, the affidavit disclosed that Trustee Calvert had used password cracking software to access other files that he had accessed when Mr. Berg was not consulted or when he was unavailable. Dkt. # 28-1 ¶ 91.

Accordingly, counsel's decision not to move to suppress the fruits of the 8/27/2010 was reasonable.

ORDER – 8

**E. Claim 5: Counsel should have undertaken their own independent forensic accounting**

Petitioner argues that counsel's failure to do an independent forensic accounting was constitutionally deficient because (1) an independent forensic accounting would have enabled petitioner to negotiate a better plea bargain, and (2) an independent forensic accounting would have proven that the date of the Government indictment was off by at least two years.[2]  Dkt. # 6 at 19.  With respect to the first argument, counsel for petitioner did hire an independent forensic accountant, who acknowledged that the government's loss calculations appeared to be reasonable.  Berg represents that this expert admitted to only reviewing the cover sheet provided by the government, and not the underlying data.  Petitioner has not provided any evidence supporting this assertion.  Even if petitioner's representation were true, however, petitioner has not demonstrated how counsel's reliance on that expert is constitutionally defective.  Nor has petitioner provided any evidence that would support his market loss theory that this court previously rejected.  With respect to the second argument, petitioner himself testified that the fraud began in 2003 when he removed money out of fund two that he should not have.  Dkt. # 88-2 at 48.

Finally, petitioner has failed to demonstrate any prejudice from counsel's failure to conduct an independent accounting.  There is no evidence in the record that even remotely suggests that petitioner would have received a more favorable sentence had there been an independent forensic accounting.  *See Cullen v. Pinholster*, 131 S.Ct. 1388, 1403 (2011) ("The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the

---

[2] The timeframe stated in the superseding indictment for wire fraud is as follows:  Beginning at an exact time unknown, but no later than sometime in 2003, and continuing until around August 2010.  Dkt. # 8 at 1.

ORDER – 9

outcome. That requires a substantial, not just conceivable, likelihood of a different result.") (internal citations and quotations omitted).

The court finds that petitioner has failed to demonstrate any unreasonable conduct on behalf of his attorneys in failing to undertake an independent forensic accounting.

**F. Claim 6: A motion to dismiss the petitioner's indictment would have succeeded**

Petitioner argues that a motion to dismiss the indictment based on outrageous government conduct would have succeeded because (1) of the conspiracy between trustee Calvert and the government to deny him effective assistance of counsel; (2) of the conspiracy between Calvert and the government to interview him without counsel present; (3) the government proxied its prosecutorial machinery to trustee Calvert; (4) the government joined its investigation with trustee Calvert to subvert *United States v. Comprehensive Drug Testing, Inc.* ("*CDT III*"), 621 F.3d 1162 (9th Cir. 2010) (en banc); (5) the government violated *Brady*; and (6) the government reverse engineered its bank statement database.

The court finds that there is no evidence to support any allegation of outrageous government conduct. Petitioner's interpretation of the evidence is belied by the actual record. The court has already addressed the first two allegations above. With respect to the third allegation, the record indicates that the timing of petitioner's arrest was in reaction to the government's discovery that petitioner allegedly lied to the FBI and the bankruptcy trustees about his assets. CR10-310RAJ, Dkt. # 1 (Compl. & Aff.) ¶ 7. The record also demonstrates that petitioner himself testified that the first time he removed money out of fund two when he should not have was in 2003. CR10-310RAJ, Dkt. # 88-2 at 49 (9/20/2010 Tr. At 48:1-49:25). With respect to the fourth allegation, there is no evidence before the court that the government violated *CDT III*, which approved certain procedural safeguards when the government seeks a search warrant that authorizes broad seizure of electronic data to ensure that data beyond the scope of the warrant would not

ORDER – 10

fall into the hands of investigating agents.  Rather, the affidavit supporting the search warrant indicates compliance with *CDT III*.  Dkt. # 28-1 ¶ 118.  Nothing in *CDT III* prohibits parties from agreeing to waive the *CDT III* procedural safeguards.  With respect to the fifth allegation, the record demonstrates that there was no *Brady* violation.  Dkt. # 6-1 (7/31/2011 Hrg. Tr. at 9:7-17:24), Ex P at 8-16.  With respect to the final allegation, there is no evidence that supports petitioner's argument that the government's calculations had been "reverse engineered."

The court finds that petitioner has not demonstrated any unreasonable conduct on behalf of his attorneys in failing to move to dismiss the indictment.

**G. Conclusion**

For the reasons stated herein, the court DENIES petitioner's § 2255 motion and directs the clerk to DISMISS this action and enter judgment for respondent.

Because the court finds that reasonable jurists would not debate the resolution of this motion, the court declines to issue a certificate of appealability.  *See* Fed. R. Governing § 2255 Proceedings, Rule 11(a); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

DATED this 3rd day of April, 2014.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

ORDER – 11